MARION J. McDONALD, Respondent, **v.** CHARLES G. NOYES, Appellant.

No. 3925; November 13, 1874.

**Sale—Mutual Mistake—Estoppel.**—Under the law of sales the effect of a mutual mistake as to either terms or subject matter is that neither party is bound; if, though the contract by its terms admits of two constructions and one party proceeds with it, not correcting the other, whom he knows labors innocently under the wrong

impression of it, he is bound by the contract as the other party conceived it to be.

**Statute of Frauds.**—A Memorandum of a Contract Made by the Secretary of a board of directors is a sufficient memorandum in writing to satisfy the statute of frauds.

APPEAL from Twelfth Judicial District, San Francisco County.

Lake & Williams for respondent; Pixley & Harrison for appellant.

CROCKETT, J.—The grounds chiefly relied upon by the defendant for a reversal of the judgment are, first, that the minds of the parties never met in the purchase and sale of the stock; that the plaintiff supposed he was purchasing one kind of stock, while the defendant was in fact selling a different stock; that there was a mutual mistake as to the subject matter of the sale, and consequently no valid contract; second, that the contract was void under the statute of frauds, for want of a sufficient note or memorandum in writing; third, that the verdict was contrary to the instructions, and ought to have been set aside on that ground; fourth, that the court erred in certain rulings as to the admissibility of evidence; fifth, that a new trial ought to have been granted on the ground of newly discovered evidence.

On the first point, the general rule is that if the contracting parties were under a mutual mistake as to the subject matter or terms of the contract, so that their minds never met, neither party is bound. This is familiar law. But if the contract by its terms will admit of two or more constructions, and if one of the parties at the time of contracting knows or has just grounds to believe that the other understands it in a particular sense, and nevertheless proceeds to contract without further explanation, he will be deemed in law to have contracted in the sense in which the other understood it. In his work on Contracts Mr. Chitty quotes with approval the following observation of Dr. Paley: "Where the terms of promise admit of more senses than one, the promise is to be performed in that sense in which the promisor apprehended at the time that the promisee received it." In summing up the rule on this point, Chitty states it as follows: "The language used by a party to

a contract must be construed as he supposed the other party would understand it, or as the other party had a right to understand it'': Chitty on Contracts, 74, note. See, also, page 73.

The rule is founded on the most obvious principles of justice and fair dealing. It was on this theory that the present case was submitted to the jury, under the instructions of the court. It was for the jury to determine from the evidence whether the plaintiff at the time of the contract was authorized to believe, and did believe, that the stock offered for sale was that of the Excelsior Mill and Mining Company, and whether the defendant at the time supposed that the plaintiff would so understand it and would have the right so to understand it. The jury found these facts against the defendant, and as we think, upon sufficient evidence.

On the second point there was no error. The memorandum of the contract made by the secretary of the board was a sufficient memorandum in writing, within the statute of frauds: Merritt v. Clason, 14 Johns. (N. Y.) 484; S. C., 12 Johns. (N. Y.) 102, 7 Am. Dec. 286; Frost v. Hill, 3 Wend. (N. Y.) 386; Davil v. Shields, 26 Wend. (N. Y.) 341; Dykers v. Townsend, 24 N. Y. 57.

The third point is not tenable. We think the verdict was not contrary to the instructions. Nor do we discover any error in the rejection or admission of evidence, or in denying the motion for a new trial.

The showing in support of the motion on the ground of newly discovered evidence was insufficient.

Order and judgment affirmed. Remittitur forthwith.

We concur: Wallace, C. J.; Niles, J.; McKinstry, J.